## Commonwealth v. McAnany

GORDON, P. J., February 16, 1938.—James McAnany, the above-named defendant, having been held in $1,000 bail to keep the peace for a period of one year, is now in the county prison in default of bail, and the prison physician has filed the petition now before us for the appointment of a commission under The Mental Health Act of July 11, 1923, P. L. 998, alleging the said McAnany to be insane. Upon the presentation of the petition, we appointed a commission which has examined defendant, and has reported to us that he is insane and that its conclusion of insanity is based upon its mental examination of the prisoner, in which it found him to be, "garrulous and incoherent in his talk, delusional, and paranoid", and that he is not of criminal tendency. The commission has also reported that it is of the opinion that defendant "is unsafe to be at large lest he carry out his threats towards his mother and sister to do them bodily harm."

We cannot agree with the conclusion of the commission that defendant is not of criminal tendency. While he does not appear to have been previously convicted of crime, the evidence presented to the court when he was held in bail to keep the peace, together with the history of the prisoner secured by the commission, brings him, in our opinion, within the meaning of "criminal tendency" as those words are used in The Mental Health Act. That act provides:

" 'Criminal tendency' shall mean a tendency to repeat offenses against the law or to perpetrate new offenses as shown by repeated convictions for such offenses—a tendency to habitual delinquency."

This definition does not restrict "criminal tendency" to persons shown by repeated convictions to have a tendency to perpetrate new offenses. Such an interpretation of this language in the act would give it a narrow and restricted meaning that we cannot believe the legislature intended it to have. It was not intended to relate only to those whose criminal habits and inclinations are disclosed by their having been successfully prosecuted for past of-

fenses. Persons of the most vicious criminal tendencies often escape convictions for a time, either through the failure of the Commonwealth to secure the necessary evidence, the successful prevention of their efforts to commit crime, or even the leniency of the victims of their criminal acts in not resorting to the criminal law for their punishment. We think the true interpretation of this clause would embrace not only those shown to have the tendency by repeated convictions, but also those who, for any other reason, may be known to have such a tendency. Indeed, the disjunctive between the two clauses of this section discloses the legislative intent, by distinguishing the methods by which a tendency may be shown, to insure the inclusion within its terms of all having the tendency. Under the first clause, the proof of the tendency to repeat offenses against the law may be found in evidence independent of the fact of conviction for past offenses, and, in the case before us, defendant's frequently repeated threats to do bodily harm or kill, which his delusional affliction has caused him to make against his relatives, were of themselves offenses, and unmistakably disclose his tendency to their repetition, as well as justify the apprehension that he will commit other and graver criminal acts. Whenever it appears that the mental illness from which one is suffering involves the likelihood of his committing and repeating criminal offenses, he has, in our opinion, a "criminal tendency" within the meaning of The Mental Health Act, notwithstanding he may not previously have been convicted of violations of the criminal law.

We, therefore, find that the said James McAnany is insane, and is of criminal tendency, and, under section 408 of the act, must be committed to the Farview State Hospital for the Criminal Insane.